## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA (CHARLESTON)

MELENDIE SPURLOCK,                                    CASE NO. 2:21-cv-00362
    Plaintiff,

             Judge John T. Copenhaver, Jr.

  vs.


EQUIFAX INFORMATION SERVICES, LLC;
TRANSUNION, LLC; EXPERIAN INFORMATION
SOLUTION, INC.; and NEW REZ, LLC, d/b/a
SHELLPOINT MORTGAGE SERVICING;
    Defendants.

### TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

### PARTIES

1.  Plaintiff Melendie Spurlock resides in Leroy, Jackson County, West Virginia. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. 1692(a)(3).

**ANSWER**:  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

2  (a)  Defendant TransUnion, LLC (Trans Union) is an Illinois corporation registered to do business in West Virginia, with its principal office address located at 555 West Adams, Chicago, IL 60661.

    (b)  TransUnion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). TransUnion is regularly engaged in the business of assembling, evaluating, and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

(c)    TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

**ANSWER**:    Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

3.    (a)    Defendant Equifax Information Services, LLC (Equifax) is a corporation registered to do business in West Virginia, with its principal office in Georgia.

(b)    Defendant Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

(c)    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4.    (a) Defendant Experian Information Solutions, Inc. (Experian), is an Ohio corporation registered to do business in West Virginia, with its principal office address located at 475 Anton Boulevard, Costa Mesa, CA, 92626.

(b)    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).  Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

(c)    Experian disburses such consumer reports to third parties under contract for monetary compensation.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5.    The Defendant New Rez, LLC, d/b/a Shellpoint Mortgage Servicing (herein "Shellpoint") is a corporation having its principal offices in a state other than West Virginia and which does business in West Virginia.  Defendant Shellpoint furnishes information to credit reporting agencies regarding an alleged account owed by Plaintiff.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## STATEMENT OF FACTS

5. [sic] Plaintiff borrowed money from Greentree in June 2000 for a home she resided in at that time.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

6. [sic] Plaintiff experienced financial difficulty, and in 2007, she filed bankruptcy with case number 2:07 bk-21271.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

7. [sic] Plaintiff discharged this debt on March 20, 2008 and moved out of the home.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

8. [sic] Over ten years later, Ditech Financial LLC began reporting that Plaintiff owed for this same account to TransUnion, Equifax, and Experian.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

9. [sic] Not only was the debt discharged in bankruptcy, but also, the account was obsolete because Plaintiff had first missed making on-time payments more than a decade prior.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

10. [sic] Plaintiff mailed dispute letters to TransUnion, Experian, and Equifax informing them that she discharged this debt obligation in a Chapter 7 bankruptcy filed in December of 2007 and discharged in 2008.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

11. [sic] Each credit reporting agency removed the false, inaccurate tradeline.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

12. [sic] Plaintiff believed that she had put the inaccuracy behind her.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

13. [sic] However, Plaintiff found that the Greentree/Ditech loan agreement had reappeared on her credit, this time under the name of Shellpoint.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

14. [sic] Defendant Equifax persisted in reporting significantly inaccurate information regarding the Shellpoint account, including that the status of the account was past due, at various times between 90 and over 120 days past due, and had a balance of $76,514.00.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15. [sic] Defendant TransUnion persisted in reporting significantly inaccurate information regarding the Shellpoint account, including that the status of the account was past due, at various times between 90 and over 120 days past due, and had a balance of $76,514.00.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule

16. [sic] Defendant Experian persisted in reporting significantly inaccurate information regarding the Shellpoint account, including that the status of the account was past due, at various times between 90 and over 120 days past due, and had a balance of $76,514.00.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17. [sic] In the summer of 2019, Plaintiff informed TransUnion, Equifax, and Experian that the tradeline was inaccurately reporting her credit and that the account had been discharged in bankruptcy since 2008 - over eleven (11) years prior to the reports.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

18. [sic] Nonetheless, TransUnion, Equifax, and Experian continued to report that Plaintiff had an account with Shellpoint that had been placed for collection and was scheduled to remain on her credit until the year 2025 - seventeen (17) years after the account had been resolved.

**ANSWER**:   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

19. [sic] Plaintiff disputed these incorrect tradelines again in the fall of 2020.

**ANSWER**:   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

20. [sic] None of the credit reporting agencies removed the obsolete, inaccurate tradeline.

**ANSWER**:   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

21. [sic] None of the credit reporting agencies listed a date of first delinquency.

**ANSWER**:   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

22. [sic] TransUnion, Experian, and Equifax failed to maintain procedures to ensure that they may properly date information and then be able to determine when information becomes obsolete.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

23. [sic] TransUnion, Experian, and Equifax failed to maintain a date from which to calculate when information becomes obsolete—that is, the date of delinquency.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

24. [sic] TransUnion, Experian, and Equifax failed to maintain "reasonable procedures" designed to prevent the reappearance of information that has been deleted from Plaintiff's file and in a consumer report.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### Defendant Shellpoint's Failure to Note Plaintiff's Dispute

25. [sic] In the fall of 2020, Plaintiff called Shellpoint to attempt to figure out why Shellpoint was reporting on her credit.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

26. [sic] Shellpoint advised Plaintiff that it had obtained servicing responsibility for Plaintiff's loan from Ditech.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

27. [sic] Shellpoint denied reporting any information to Experian, Equifax, or TransUnion.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

28. [sic] Despite Plaintiff's dispute, Shellpoint refused to delete the false tradeline and failed to report that Plaintiff disputed the debt to Equifax, TransUnion, and Experian.  Instead, Shellpoint permitted facially inaccurate information to be reported on Plaintiff's account.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

**Damage**

29. [sic] Defendants have failed and refused to implement and maintain reasonable procedures to assure maximum possible accuracy and to prevent the reappearance of material that had been previously deleted relating to the Shellpoint account.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

30. [sic] As the result of Defendants' conduct, Plaintiff has suffered loss of credit; loss of the ability to purchase and benefit from credit; increased insurance rates; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**CLAIMS FOR RELIEF**

**A.  <u>Shellpoint</u>**

**COUNT I - VIOLATION OF 15 U.S.C. § 1692e(2)**

31. [sic] Plaintiff incorporates the preceding paragraphs by reference.

**ANSWER**:    Trans Union reasserts its answers and responses set forth herein.

32. [sic] Defendant Shellpoint failed to communicate to Equifax, Experian, and TransUnion that a disputed debt is disputed following its discussion with Plaintiff in the fall of 2020, in violation of 15 U.S.C. § 1692e(8).

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

33. [sic] Shellpoint communicated to Experian, Equifax, and TransUnion credit information which is known or which should be known to be false when it reported Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692e(8).

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

34. [sic] Shellpoint is liable to the Plaintiff for actual damages sustained, statutory damages, and reasonable attorney's fees and costs as provided for by 15 U.S.C. § 1692k.

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### COUNT II - VIOLATION OF THE FAIR CREDIT REPORTING ACT

35. [sic] Plaintiff incorporates the preceding paragraphs by reference.

**ANSWER**:     Trans Union reasserts its answers and responses set forth herein.

36. [sic] Shellpoint repeatedly violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes.

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

37. [sic] Shellpoint received notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by Shellpoint to the credit reporting agencies.

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

38. [sic] Shellpoint failed to conduct a reasonable investigation with respect to the disputed information.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

39. [sic] As a result of this conduct, action and inaction of Shellpoint, Plaintiff suffered actual damages including without limitation, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

40. [sic] Shellpoint's conduct, action and inactions were and continue to be willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Loan to Learn has been negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### COUNT III - VIOLATION OF FAIR CREDIT REPORTING ACT

41. [sic] Plaintiff incorporates the preceding paragraphs by reference.

**ANSWER**:    Trans Union reasserts its answers and responses set forth herein.

42. [sic] On one or more occasions, Shellpoint violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(l)(B) by failing to review all relevant information provided by the consumer reporting agencies.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

43. [sic] Shellpoint received notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by Shellpoint to the credit reporting agencies.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

44. [sic] Shellpoint failed to review all relevant information provided by the credit reporting agencies pursuant to section 1681i(a)(2) of this title.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

45. [sic] As a result of this conduct, action and inaction of Shellpoint, Plaintiff suffered actual damages including without limitation, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

46. [sic] Shellpoint's conduct, action and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Shellpoint was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### COUNT IV - VIOLATION OF FAIR CREDIT REPORTING ACT

47. [sic] Plaintiff incorporates the preceding paragraphs by reference.

**ANSWER**:    Trans Union reasserts its answers and responses set forth herein.

48. [sic] On one or more occasions, by example only and without limitation, Shellpoint violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(l)(C) and (D) by publishing representations within Plaintiff's credit file with the credit reporting agencies without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

49 [sic] As a result of this conduct, action and inaction of Shellpoint, Plaintiff suffered actual damages including without limitation, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

50. [sic] Shellpoint's conduct, action and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Shellpoint was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### B.  Experian, Equifax, and TransUnion

### COUNT V - FAILURE TO ASSURE ACCURACY

51. [sic] Plaintiff incorporates all of the preceding paragraphs by reference.

**ANSWER**:    Trans Union reasserts its answers and responses set forth herein.

52. [sic] Defendants Experian, Equifax, and TransUnion failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files maintained and published concerning Plaintiff, in violation of 15 U.S.C. § 1681e(b).

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

53. [sic] Defendants' conduct, action, and inaction was willful, or, in the alternative, negligent.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

54. [sic] Plaintiff was harmed by Defendants' conduct, action, and inaction.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### COUNT VI - REPORTING INFORMATION WHICH IT CANNOT VERIFY

55. [sic] Plaintiff incorporates all of the preceding paragraphs by reference.

**ANSWER**:    Trans Union reasserts its answers and responses set forth herein.

56. [sic] Defendants Experian, Equifax, and TransUnion failed to maintain "reasonable procedures" designed to prevent the reappearance of information that has been deleted in a consumer's file and in a consumer report, in violation of 15 U.S.C. § 1681 i(a)(5)(C).

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

57. [sic] Defendants' conduct, action, and inaction was willful, or, in the alternative, negligent.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

58. [sic] Plaintiff was harmed by Defendants' conduct, action, and inaction.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**COUNT VII- REPORTING OBSOLETE INFORMATION**

59. [sic] Plaintiff incorporates the preceding paragraphs by reference.

**ANSWER**:    Trans Union reasserts its answers and responses set forth herein.

60. [sic] Defendants Experian, Equifax, and TransUnion reported obsolete home loan reports from the credit report and credit files maintained and published concerning Plaintiff, in violation of 15 U.S.C. § 1681c(a).

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

61. [sic] Defendants' conduct, action, and inaction was willful, or, in the alternative, negligent.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

62. [sic] Plaintiff was harmed by Defendants' conduct, action, and inaction.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## DEMAND FOR RELIEF

Plaintiff demands from the Defendants:

a.    Actual damages for the violations of the FDCPA as authorized by 15 U.S.C. § 1692k and 15. U.S.C [sic] 1681n-o et seq for all such violations that occurred up to the date and time of the filing of this complaint;

b.    Statutory damages in the maximum amount authorized by the FDCPA and FCRA;

c.    Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to 15 U.S.C. 1681n-o and 1692;

d.    That Plaintiff be granted general damages and punitive damages for Defendants' conduct alleged in violation of the FCRA;

e.    Such other relief as the Court shall deem just and proper under the attendant circumstances.

**ANSWER**:    Trans Union denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Trans Union.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.      Trans Union's reports concerning Plaintiff were true or substantially true.

3.      Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

4.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5.      At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

6.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

7.      Plaintiff has failed to take reasonable steps to mitigate her damages, if any.

8.      Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

9.      Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

10.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

11.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of

applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

12.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

_s/ Alexander A. Fay_
Alexander A. Fay, Esq.  (IN #36447-49)
  (Admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400, Ext. 115
Fax:  (317) 363-2257
E-Mail:  afay@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*

_s/ Robert E. Ryan_
Robert E. Ryan, Esq. (WV #8596)
Steptoe & Johnson, PLLC
P.O. Box 1588
Charleston, WV  25326-1588
Telephone:  304-353-8136
Fax:  304-353-8180
E-Mail:  robert.ryan@steptoe-johnson.com

*Counsel for Defendant Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **26th day of July, 2021**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Benjamin Sheridan, Esq.<br>bsheridan@kswvlaw.com | Jed R. Nolan, Esq.<br>jed@protectwvconsumers.com |
| *Any appearance for Equifax yet?  If not, remove from this list prior to filing and serving.* | Ashely Hardesty Odell, Esq.<br>ahardestyodell@bowlesrice.com |
| Andrew J. Narod, Esq.<br>anarod@bradley.com | Michael C. Cardi, Esq.<br>mcardi@bowlesrice.com |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **26th day of July, 2021**, properly addressed as follows:

| | |
|---|---|
| | |

*s/ Alexander A. Fay*
Alexander A. Fay, Esq.  (IN #36447-49)
 (Admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400, Ext. 115
Fax:  (317) 363-2257
E-Mail:  afay@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*